IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CALVIN JACKSON,

    Plaintiff,

v.    No. CIV-00-0268 LH/WWD

GARY JOHNSON, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a number of motions to dismiss (Doc. #21, #23, #35, #37, and #39) filed by various Defendants. Plaintiff is a New Mexico state prisoner. For the reasons below, the first motion filed will be granted, and Plaintiff's complaint will be dismissed without prejudice.

The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. In Count 1, Plaintiff alleges he was transferred even though he did not participate in the disturbance, he was given no prior notice or explanation for the transfer, and he was not re-classified to maximum security. He asserts his transfer violated federal and state constitutional rights of substantive and procedural due process. Count 2 claims the harsh conditions during and after transfer violated federal and state constitutional protections against cruel and unusual punishment. Count 3 asserts that Plaintiff was repeatedly subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 claims Defendants' actions violated the Thirteenth Amendment's prohibition of slavery, and Count 5 asserts that "an interstate compact" was violated by the transfer and by related conditions of Plaintiff's confinement. Count 6

asserts a conspiracy by Defendants to violate Plaintiff's various constitutional protections and claims that Defendants' conduct was wanton, deliberate and malicious, entitling Plaintiff to punitive damages. All Defendants are named in their individual and official capacities. Plaintiff seeks damages and prospective equitable relief.

The first motion to dismiss filed by Defendants Johnson, Perry, Shanks, Wilpolt, Tafoya, and Serna seeks dismissal of all claims for failure to exhaust administrative remedies. Defendants also assert that a number of constitutional, official-capacity, and punitive-damages claims should be dismissed as a matter of law. Plaintiff did not file a response to the motion; this failure to respond "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.5(b).

The threshold issue raised in Defendants' motion to dismiss is the effect of the exhaustion requirement under 42 U.S.C. § 1997e(a). As stated by Defendants, Plaintiff's complaint contains no allegations regarding exhaustion, and the Supreme Court recently ruled that exhaustion is required in all inmate cases. *Booth v. Churner*, 531 U.S. 956, ---, 121 S.Ct. 1819, 1825 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). The result is unavoidable: Plaintiff's claims against all Defendants must be dismissed without prejudice for failure to exhaust administrative remedies. *Booth*, 531 U.S. at ---, 121 S.Ct. at 1822; *see also Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000), *cert. denied, Harris v. Garner*, --- U.S. ---,121 S.Ct. 2214 (2001).

IT IS THEREFORE ORDERED that the New Mexico Defendants' Motion to Dismiss No. I (Doc. #21) is GRANTED; Plaintiff's complaint will be DISMISSED without prejudice; all other pending motions are DENIED as moot; and judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE